# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ADE MILTON

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-30433

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 38 years old and a lifetime resident of this District with family ties. The instant charge is felon in possession, violation of 18 U.S.C. 922(g)(1). The defendant uses marijuana regularly and is alcohol dependent. On October 17, 1992 defendant was convicted of conspiracy to distribute controlled substances and was sentenced to 235 months imprisonment and 5 years supervised release. His discharge date was 6/16/04. The instant alleged offense occurred while defendant was on Supervised Release with The U.S. Probation Office in this District. Defendant's Probation Officer is presently in the process of issuing a violation warrant. The Pretrial Services Report references multiple aliases used by the defendant. (Continue on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 21, 2006 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

06-30433 USA vs Ade Milton                                                                 Page 2

Notwithstanding the fact that defendant states that he is currently employed at the VIP Car Wash (information which could not be verified by Pretrial Services) that he has reported regularly to his probation officer and has family ties to the district.

Defendant is deemed to be a flight risk and a danger to the community for the following reasons:

    1. Defendant is currently on supervised release and has demonstrated his inability to comply with conditions of supervised release.

    2. Defendant is chronically alcohol and drug dependent, which conditions impair his judgment and decrease his reliability factor.

    3. Defendant was incarcerated for 12 years, and 2 years into his supervised release is alleged to have been in possession of a loaded colt .45 pistol when found loitering in an alley behind the VIP Car Wash.

    4. Defendant potentially faces increased time as a result of both his supervised release violation and these new charges, which could increase his risk of flight.

    5. Defendant, a convicted felon, assumed these risks and was found is in the streets with a loaded gun. This behavior renders him a danger to the community or suggests that he may be involved in dangerous activities.

Accordingly, no conditions or combination of conditions of bond would assure the safety of the community or defendant's appearance. **Detention is therefore Ordered.**